UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN ROY BRONTKOWSKI,

    Petitioner,                               Civil No. 2:15-CV-11073
                                              HONORABLE ARTHUR J. TARNOW
v.                                                 UNITED STATES DISTRICT JUDGE

LORI GIDLEY,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Allen Roy Brontkowski, ("petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se,* petitioner challenges his conviction for extortion, M.C.L.A. 750.213, four counts of unlawful imprisonment, M.C.L.A. 750.349b, assault, M.C.L.A. 750.81, and possession of a firearm during a felony (felony firearm), M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

I. Background

Petitioner was convicted following a jury trial in the Macomb County Circuit Court.

1

*Brontkowski v. Gidley,* 2:15-CV-11073

Petitioner filed an appeal of right, in which he raised the following claims:

Did the prosecutor deny Mr. Brontkowski due process and a fair trial by failing to reveal the complete plea agreement with the accomplice-witness for his testimony thereby misleading the jury regarding the witness's credibility; was trial counsel ineffective for failing to adequately cross-examine the witness on this issue, US Const. Am XIV?

Petitioner's conviction was affirmed on appeal. *People v. Brontkowski*, No. 313002, 2014 WL 1233894 (Mich. Ct. App. Mar. 25, 2014); *lv. Den.* 497 Mich. 855, 852 N.W.2d 630 (2014).

On March 12, 2015, petitioner filed a petition for writ of habeas corpus with this Court. [1] In addition to seeking relief on the claims that he raised on direct appeal, petitioner also seeks habeas relief on the following "new issues":

I. DNA evidence needs to be considered by the court. Via trial transcripts there was no DNA on the weapon that the victim claims to have been pistol whipped indicating that the victim lied in regards to the testimony given.

II. The prosecutor is bound by the rules of ethics and court rules from having witnesses lie in order to obtain a conviction.

---

[1] Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of the AEDPA's one year limitations period. *Id.* Because petitioner's habeas petition is signed and dated March 12, 2015, this Court assumes that this was the date that petitioner actually filed his petition with this Court.

*Brontkowski v. Gidley,* 2:15-CV-11073

III. DVD evidence statement taken by the police that the prosecution or defense counsel refused to show the jury. Failure on the part of the aforementioned parties to enter the evidence shows that the government was willing to hide the truth about the events leading to the charges in which the defendant was convicted of. This issue violates the defendant's rights under XVI Amendments of the Constitution. The right of due process is absolute and cannot be infringed upon.

IV. Defendant insists he was never read his *Miranda* rights by police.

V. Defendant contends that prosecutorial misconduct is apparent. The prosecutor's office had a duty to provide defendant with the totality of the discovery packet. For such is not an option for the prosecutor. Furthermore, even if the prosecutor failed to provide all evidence that prosecutor should have known that this is a judiciary responsibility and to do otherwise is a clear violation of Michigan Court Rules coupled with code of ethics for the officers of the court. Moreover, the standard of conduct should be held at its highest regarding such an office. The trust of the public cannot and should not diminish. The defendant contends that this new issue should have been brought forth at the lower courts (i.e.) The Michigan Court of Appeals and the Michigan Supreme Court but has not. Moreover, defendant asserts that new issues have been exhausted at the trial level.

VI. Mr. Allen Brontkowski received ineffective assistance during court proceedings in violation of his state and federal rights by his defense counsel and thereby committing malpractice by defense counsel. The trial court abused its discretion when it did not establish the failed attempts of the defense counsel to identify the rules of law as it related to witnesses' testimony under oath. Appointed counsel having abdicated his responsibility failed the defendant thus violated defendant's 5th, 6th, and 14th Amendment rights.

## II.  Discussion

The instant petition must be dismissed because it contains claims that petitioner has failed to exhaust with the state courts.

*Brontkowski v. Gidley,* 2:15-CV-11073

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). The instant petition is subject to dismissal, because petitioner failed to allege or indicate in his

*Brontkowski v. Gidley,* 2:15-CV-11073

petition that he has exhausted his state court remedies with respect to his claims. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). Petitioner, in fact, acknowledges on the face of his petition that he did not properly exhaust his new claims prior to seeking habeas relief. Although petitioner indicates that he exhausted these claims at the trial level, this would be insufficient to satisfy the exhaustion requirement. The exhaustion requirement is satisfied only if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D.Mich.2002); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Because petitioner's new claims were never presented to the Michigan appellate courts; they have not been properly exhausted.

Petitioner's method of properly exhausting his unexhausted claims in the state courts would be through filing a motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-

*Brontkowski v. Gidley,* 2:15-CV-11073

6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in a post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d at 800.

Petitioner has failed to exhaust his state court remedies with respect to all of the claims raised in his petition. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), a stay of the petition is unnecessary in this case. The Michigan Supreme Court denied petitioner's application for leave to appeal on September 5, 2014. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered

6

*Brontkowski v. Gidley,* 2:15-CV-11073

judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on December 4, 2014. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on March 12, 2015, after only three months had elapsed on the one year statute of limitations. This Court is dismissing the petition without delay so that petitioner can return to the state courts to exhaust these claims. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has almost an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). Accordingly, the Court will

*Brontkowski v. Gidley,* 2:15-CV-11073

dismiss the instant petition without prejudice.

### III. Conclusion

The Court dismisses the petition for writ of habeas corpus without prejudice. The Court also denies petitioner a certificate of appealability. A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[2] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of

---

[2] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

*Brontkowski v. Gidley,* 2:15-CV-11073

reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to his claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed.

9

*Brontkowski v. Gidley,* 2:15-CV-11073

R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that petitioner will be granted leave to appeal *in forma pauperis.*


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: April 10, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 10, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant