UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN ROY BRONTKOWSKI,

    Petitioner,                    Civil No. 2:15-CV-11073
                                         HONORABLE ARTHUR J. TARNOW
v.                                     UNITED STATES DISTRICT JUDGE

LORI GIDLEY,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE
## MOTION TO ALTER OR AMEND JUDGMENT

On April 10, 2015, the Court summarily dismissed without prejudice the petition for writ of habeas corpus that had been filed by petitioner pursuant to 28 U.S.C. § 2254, on the ground that petitioner failed to exhaust six claims that he raised as "new issues" in his petition. The Court also denied petitioner a certificate of appealability, but granted petitioner leave to appeal *in forma pauperis*. *Brontkowski v. Gidley*, No. 2:15-CV-11073, 2015 WL 1611272 (E.D. Mich. Apr. 10, 2015)

Petitioner has filed a motion for a new trial under Rule 59(a), which is in reality a motion to alter or amend judgment. For the reasons that follow, the motion is DENIED.

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration

1

pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d at 550. U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004); *Hence v. Smith,* 49 F. Supp. 2d at 550-51 (*citing* L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

Petitioner claims that this Court erred in ruling that his claims were unexhausted. Petitioner points to the fact that he raised two of these claims in his application for leave to appeal to the Michigan Supreme Court.

Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present these two claims on his direct appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 Fed. Appx. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 Fed.Appx. 543, 549 (6th Cir. 2006).

More importantly, petitioner does not argue that he exhausted the other four claims that this Court previously found to be unexhausted. Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Petitioner's motion to alter or amend judgement and/or motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed the petition for writ of habeas corpus and denied petitioner a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

**IT IS ORDERED** that "The Motion For a New Trial Rule 59(a)" [Dkt. # 8} is **DENIED**.

**Dated: March 10, 2016**      S/Arthur J. Tarnow
                               **HON. ARTHUR J. TARNOW**
                               SENIOR UNITED STATES DISTRICT JUDGE